## STATE ex BASISTA v YASH

Ohio Appeals, 7th Dist, Mahoning Co

No 2493. Decided Oct 21, 1938

C. H. Dyson, Youngstown, for plaintiff-appellee.

Joseph E. Julius, Youngstown, for defendant-appellant.

## OPINION

### By BENNETT, J.

This is a bastardy action in which the defendant was found guilty in the Court of Common Pleas.

He has appealed on questions of law, assigning as errors that the verdict and judgment below were against the manifest weight of the evidence, that the court committed an error in the charge to the jury and that further error was committed in the admission of evidence.

On the question of weight of the evidence the case presents the usual conflict in evidence between the complainant and defendant. There is no testimony by any third party witness which is of sufficient weight to be conclusive one way or the other, if believed. While we agree with the defendant's counsel that often in these cases a defendant may have been unjustly accused and that tendencies in juries in these matters is to be sympathetic to the complainant's charges, nevertheless in the present state of our jurisprudence the decision of the ultimate question of fact is for the jury, and, from read- ing the record, we are unable to say that the jury in this case was manifestly wrong in determining which of the two to believe.

Different parts of the charge are complained of. Relating to discrepancies in testimony, the judge said that, "somebody at least, using mild English, must be mistaken." We concur with what the judge said and see no prejudice in any event.

Complaint is made of the following paragraph of the charge:

"* * *; and so you have a right, applying that observation and your own experience in life and your own instincts and intuition. for which we can't account, we don't know why we believe one person instinctively and don't believe another instinctively, but that is the quality of a fact finding body like a jury. So that you have the right to reject all any witness says if you don't believe its weight worthy of your belief, or you can believe all a witness says for the same reason, and that is your prerogative, * * *."

It is said that the first three lines of this quotation is erroneous and prejudicial because the incidents and circumstances arising and created during their friendship may by reason of the instincts and intuitions of one or both parties, have caused them to act and conduct themselves differently than any member of the jury whose instincts and intuitions were different, so that to judge this case from their own experiences, instincts and intuitions might have caused an erroneous finding of facts.

The court did not tell the jury to measure the conduct or guilt of the parties by their own instincts but told them to use their own experiences, instincts and intuition in determining which witness was telling the truth.

We know of no other way for jurors to guage the credibility of a witness and do not find anything in this clause prejudicially erroneous.

Complaint is made of the last sentence in the above quotation as being a charge. which required the jury to reject or accept all of a witness' testimony and did not permit him to believe a part of it and not believe the rest. We do not be- lieve this language would be so understood, particularly as the second preceding sentence reads, "It is your privilege, it is your duty to weigh these witnesses to determine how much, if any, of what they say you will believe."

The error in admission of evidence which is complained of is the permitting of the following question and answer:

"Q. Who is the father of your child?
A. Steve Yash."

It is said that the answer is both a conclusion and the answer to the ultimate question which the jury was to decide. In any event, we can see noth- ing prejudicial here because the statutory procedure in these proceedings requires the Justice of the Peace to ask such a question, put the answer in writing, and have the complainant subscribe it. §§12110-11-12 GC. §12122 GC then provides that "At the trial, the examination before the Justice shall be given in evidence by the complainant."

The question was asked by Justice of the Peace Martin, the question and answer were reduced to writing and subscribed by the complainant and this writing introduced at the trial as plaintiff's Exhibit 1. We can see no prejudicial error in re-

peating this question at the trial.

Finding no prejudicial error among the errors assigned, the judgment below is affirmed.

NICHOLS, PJ, and CARTER, J, concur.